**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

RENE D. EDWARDS,

               Plaintiff,

     v.

JOSHUA M. FILER, DO, et al.,

               Defendants.

RENE D. EDWARDS,

               Plaintiff,

     v.

NEW JERSEY PAROLE BOARD, et al.,

               Defendants.

RENE D. EDWARDS,

               Plaintiff,

     v.

JEFFERSON HEALTH CARE OF
MULTIPLE STATE, et al.,

               Defendants.

Civ No. 26-625-RMB-SAK
Civ No. 26-1611-RMB-SAK
Civ No. 26-4607-RMB

**MEMORANDUM ORDER**

**RENÉE MARIE BUMB, Chief United States District Judge**:

      **THESE MATTERS** come before the Court upon applications to proceed *in forma pauperis* ("IFP") and Complaints filed by Plaintiff Rene D. Edwards ("Plaintiff") in three separate cases: *Edwards v. Filer* ("*Filer*"), No. 26-625; *Edwards v. N.J. Parole Board* ("*N.J. Parole*

*Board*"), No. 26-1611 ; and *Edwards v. Jefferson Health Care of Multiple State* ("*Jefferson Health Care*"), No. 26-4607.  In *Filer*, Plaintiff has also filed a Motion to Appoint *Pro Bono* Counsel and Defendants in *Jefferson Health Care* have bafflingly filed a Motion to Dismiss.[1]

After review, the Court will **GRANT** each of Plaintiff's three IFP applications, but **DENY WITHOUT PREJUDICE** Plaintiff's request for appointed counsel in *Filer* and **DISMISS WITHOUT PREJDUICE** the three Complaints for failure to comply with Federal Rule of Civil Procedure 8, lack of subject matter jurisdiction, failure to state a claim, or a combination thereof.  The Court also **WARNS** Plaintiff that any future complaint deemed by this Court to be frivolous, malicious, failing to state a claim, or seeking monetary relief against a defendant who is immune from such relief shall result in a strike pursuant to 28 U.S.C. § 1915(g).

## I.    IFP

Courts in the Third Circuit only grant leave to proceed IFP "based on a showing of indigence."  *Douris v. Newtown Borough, Inc.*, 207 F. App'x 242, 243 (3d Cir. 2006).  While IFP status is not reserved solely for the "absolutely destitute," the litigant "must establish that he is unable to pay the costs of his suit."  *Hurst v. Shalk*, 659 F. App'x 133, 134 (3d Cir. 2016) (first citing *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948); and then quoting *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989)).  The litigant seeking IFP status must "provide the [Court] with the financial information it need[s] to make a determination as to whether he qualifie[s] for *in forma pauperis* status."  *Freeman v. Edens*,

---

[1] Bafflingly because this Court has had to twice instruct Defense Counsel in *Filer* to refrain from filing motions until the Court exercised its statutory duty to screen Plaintiff's IFP application and, if approved, the Complaint.  [*Filer* Docket Nos. 6, 15.]  In any event, the Court will deny the pending Motion to Dismiss in *Jefferson Health Care* as moot for the reasons that follow.

No. 07-1227, 2007 WL 2406789, at *1 (D.N.J. Aug. 17, 2007) (citation omitted). After considering Plaintiff's monthly income, lack of assets, and his monthly expenses, the Court finds he cannot pay the court fees and grants his virtually identical applications to proceed IFP. *See* [*Filer* Docket No. 1-2; *N.J. Parole Board* Docket No. 1-2; *Jefferson Health Care* Docket No. 1-1.]

## II.    SCREENING FOR DISMISSAL

When a person files a complaint and is granted IFP status, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and dismiss claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. The legal standard for dismissing a complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), is the same as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Federal Rule of Civil Procedure 8 sets forth the general rules of pleading in federal court. *See* FED. R. CIV. P. 8. The Rule requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* 8(a)(1)–(2). Subsection (d)(1) additionally requires that "[e]ach allegation must be simple, concise, and direct." *Id.* 8(d)(1). Plaintiff should not mistake Rule 8 as an empty formality. "Careful pleading … is not a matter of etiquette or housekeeping; it is necessary to provide defendants with notice of the claims asserted against them and the grounds upon which each claim rests so that they can properly frame an answer." *Foulke v. Twp. of Cherry Hill*, No. 23-2543, 2024 WL 3568841, at *12 (D.N.J. July

3

29, 2024); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Rule 12(b)(6) tests the factual and legally sufficiency of the allegations. To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 556. The Court is not compelled to "credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss." *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

While the Court must construe Plaintiff's *pro se* filings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), he is not exempt from complying with these federal pleading standards, *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010); *see Owens v. Armstrong*, 171 F. Supp. 3d 316, 328 (D.N.J. 2016) (quoting *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245 (3d Cir. 2013)) ("Moreover, while *pro se* pleadings are liberally construed, '*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'").

## III.    DISCUSSION

### A. The Three Complaints

The Complaints before the Court progressively run afoul of Plaintiff's pleading obligations. In *Filer*, Plaintiff allegedly suffered injury when Defendants unlawfully discharged him from Jefferson Hospital in Stratford, New Jersey, on September 26, 2024. *See* [*Filer* Docket No. 1-1, at 4–10 ("*Filer* Compl.").] Plaintiff alleges that Defendants violated his

4

Eighth Amendment right against cruel and unusual punishment, brought under 42 U.S.C. § 1983, as well as New Jersey common law.[2]  [*Id.* at 5–6.]  Plaintiff immediately runs into a jurisdictional defect with his state law claims.

Federal courts have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); FED. R. CIV. P. 12(h)(3).  As "[t]he party asserting jurisdiction," Plaintiff "bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *In re Nat. Football League Players Concussion Inj. Litig.*, 775 F.3d 570, 574 (3d Cir. 2014) (quoting *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)).

*Filer* explicitly asserts diversity of citizenship jurisdiction, presumably for Plaintiff's state law claims.  [*Filer* Compl. 1.]  Diversity jurisdiction requires (1) that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and (2) that it "is between citizens of different States," 28 U.S.C. § 1332(a)(1).  Section 1332(a) requires "complete diversity," meaning that no plaintiff can be a citizen of the same state as any defendant. *Zambelli Fireworks*, 592 F.3d at 419 (citing *Exxon Mobil Corp. v. Allapattah Svcs. Inc.*, 545 U.S. 546, 553 (2005)).  "A natural person is deemed to be a citizen of the state where he is domiciled." *Id.* (quoting *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008)).  "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Id.* (citing 28 U.S.C. § 1332(c)).

Plaintiff, a New Jersey citizen, is suing four medical personnel (the "Individual

---

[2] *Filer* refers to the Fourth Amendment in passing, but there is no apparent infringement of those constitutional protections alleged. [*Filer* Compl. 5.]  Assuming otherwise, a Fourth Amendment claim would fail for the reasons that follow.

Defendants") and Jefferson Hospital (collectively, "Defendants"). [*Filer* Compl. 1–3.] Initially, Defendants' citizenship is either unclear or contradictory. *See* [*id.*] For this reason alone Plaintiff fails to satisfactorily allege their citizenships and does not sustain his burden to show complete diversity. *In re Nat. Football League Players Concussion Inj. Litig.*, 775 F.3d at 574. As best the Court can discern, moreover, each of the four Individual Defendants reside in New Jersey and Defendant Jefferson Hospital is incorporated under the laws of New Jersey. *See* [*Filer* Compl. 2.] If Defendants are truly New Jersey citizens under prevailing law, then Plaintiff cannot rely on diversity jurisdiction. 28 U.S.C. § 1332(a)(1); *Zambelli Fireworks*, 592 F.3d at 419. And, for Plaintiff's edification, alleging that he is "not sure of" a given defendant's citizenship is inadequate. [*Filer* Compl. 3.]

Liberal construction of the *Filer* Complaint does encompass federal question jurisdiction though as Plaintiff's § 1983 Eighth Amendment claim arises under the Constitution. *See* 28 U.S.C. § 1331. This, in turn, could also provide the Court with supplemental jurisdiction over the state law claims. *See id.* § 1367(a). Section 1983 imposes liability over parties who deprive a person of a federal constitutional or statutory right "under color of any statute, ordinance, regulation, custom, or usage" of a state. 42 U.S.C. § 1983. The statute's "under color of law" requirement is the "equivalent of state action." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005); *see also Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)) ("The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'").

To avoid dismissal of his § 1983 claim, Plaintiff must plead enough facts to show that

6

he suffered a deprivation of his Eighth Amendment rights at the hand of a state actor. *Leshko*, 423 F.3d at 339. State action exists where: "'the private entity has exercised powers that are traditionally the exclusive prerogative of the state'; (2) 'the private party has acted with the help of or in concert with state officials'; or (3) 'the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.'" *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142 (3d Cir. 1995)).

The *Filer* Complaint passes none of these tests, even liberally. Plaintiff "bald[ly] assert[s]," *Evancho*, 423 F.3d at 351, that Defendants "acted under color of state law," [*Filer* Compl. 5]. The Court cannot reasonably infer state action from such a boilerplate allegation. What Plaintiff depicts is certainly conduct committed by private parties that does not fall under § 1983's purview. The Court will therefore dismiss without prejudice Plaintiff's § 1983 claim. Because Plaintiff's federal claim fails—and is the only source of ascertainable original jurisdiction—the Court "must decline" to exercise supplemental jurisdiction over the remaining state law claims and also dismiss them without prejudice at this early stage in the litigation. *Talley v. Clark*, 111 F.4th 255, 266 n.6 (3d Cir. 2024) (quoting *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)) ("[W]here [a court] dismisses the federal claims prior to trial or at the early stages of the litigation, it 'must decline' to exercise jurisdiction over the state law claims 'unless considerations of judicial economy, convenience, and fairness' justify retaining that jurisdiction."); 28 U.S.C. § 1367(c).

Plaintiff is always free to bring his state law claims in state court, although this Court makes no finding as to the merits or procedural posture of these claims. For the reasons above, the Court will dismiss the *Filer* Complaint without prejudice for want of federal subject

matter jurisdiction and failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Next, while the Complaint in *Jefferson Health Care* ostensibly sets forth a federal question under the Privacy Act of 1974, 5 U.S.C. § 522a (the "Act"), Plaintiff fails to state a claim thereunder. "The Privacy Act 'governs the government's collection and dissemination of information and maintenance of its records [and] generally allows individuals to gain access to government records on them and to request correction of inaccurate records.'" *Kates v. King*, 487 F. App'x 704, 706 (3d Cir. 2012) (citing *Perry v. Bureau of Prisons*, 371 F.3d 1304, 1304–05 (11th Cir. 2004)). The Act provides that "[w]henever any agency" fails to comply with any provision of the statute, "the individual may bring a civil action against the agency." 5 U.S.C. § 552a(g)(1). An "agency" under the Act "includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government ... or any independent regulatory agency." *Banda v. Camden Cty. Bd. of Chosen Freeholders*, No. 17-5475, 2009 WL 1561442, at *2 (D.N.J. May 29, 2009) (quoting *id.* § 552(f)(1)). The Act, therefore, does not authorize suit against individual employees of an agency. *Kates*, 487 F. App'x at 706 (citing *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006)).

As a threshold matter, the *Jefferson Health Care* Complaint sets forth no allegations that Defendants Jefferson Health Care of Multiple State and Christina Carti are governmental actors (nor, to the Court's understanding, could it), let alone an "agency" as defined under the Act. *See* [*Jefferson Health Care* Docket No. 1, at 1–2 ("*Jefferson Health Care* Compl.").] And even assuming otherwise, the Act would not permit suit against individual Defendant Carti. *Kates*, 487 F. App'x at 706. These defects alone compel dismissal for failure to state a claim.

*See, e.g.*, *Walsh v. Krantz*, 386 F. App'x 334, 336 & n.2 (3d Cir. 2010) (per curiam) (affirming 12(b)(6) dismissal of Privacy Act claims "against the School District and Cathcart because the Act applies only to federal agencies."). In any event, Plaintiff practically sets forth no allegations to substantiate his claims, "bald[ly] assert[ing]," *Evancho*, 423 F.3d at 351, that Defendants "obtain[ed] [his] records under false pretenses" and committed an "unauthorized disclosure of records," [*Jefferson Health Care* Compl. 2].

"Taken together, the Complaint in its current form simply would not provide any meaningful opportunity for [a proper defendant] to decipher or answer the vague allegations levied against them, under the Privacy Act or otherwise." *Lewis v. Zoll Med. Corp.*, No. 19-19231, 2020 WL 2190435, at *3 (D.N.J. May 6, 2020) (citation and internal quotation marks omitted). The Court will therefore dismiss the *Jefferson Health Care* Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

Finally, the Complaint in *N.J. Parole Board* is simply incomprehensible. Plaintiff only intelligible identifies the five Defendants: New Jersey Attorney General Jennifer Davenport, New Jersey Governor Mikie Sherrill, Executive Director of the New Jersey Parole Board Dina Rogers, Chairman of the New Jersey Parole Board Samuel Plumeri, Jr., and the New Jersey Parole Board. *See* [*N.J. Parole Board* Docket Nos. 1 ("*N.J. Parole Board* Compl."), 1-1.]

---

[3] Insofar as Plaintiff seeks a criminal prosecution against the *Jefferson Health Care* Defendants for violating the Privacy Act, *see* [*Jefferson Health Care* Compl. 1–2], a private citizen lacks "a judicially cognizable interest in the prosecution or nonprosecution of another." *Leeke v. Timmerman*, 454 U.S. 83, 85–86 (1981) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). This means that Plaintiff cannot "take law enforcement into [his] own hands" to enforce federal criminal law. *United States v. Panza*, 381 F. Supp. 1133, 1138 (W.D. Pa. 1974) (citations omitted). Rather, "the United States Attorney is responsible for the prosecution of all criminal cases within his or her district." *United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996). And "the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *United States v. Armstrong*, 517 U.S. 456, 464 (1996).

What Plaintiff is suing them for and in what capacity is truly unclear. Plaintiff apparently alleges that Defendants have failed to honor an unspecified settlement stemming from an unexplained grant of postconviction relief. *See* [*N.J. Parole Board* Compl., Docket No. 1-1.] But the Court whispers in the dark, not liberally constructs. Plaintiff falls far short of his Rule 8 pleading obligations and consequently fails to state a claim. Simply put, the Court cannot discern the claims alleged, against whom these claims are specifically alleged, the supporting factual allegations, and, consequently, subject matter jurisdiction. The Court will dismiss the *N.J. Parole Board* Complaint without prejudice for not abiding by Rule 8, and for want of subject matter jurisdiction and failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## B. The *Filer* Motion to Appoint *Pro Bono* Counsel

In *Filer*, Plaintiff seeks the appointment of *pro bono* counsel under 28 U.S.C. § 1915(g) because it "is [his] first motion for *pro bono* [counsel] which will help to close my case." [*Filer* Docket No. 12, at 3.] The Third Circuit has outlined a "two-step process" for district courts to follow when exercising their discretionary authority under § 1915(g) to appoint counsel in civil matters. *Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019). "First, 'the district court must consider as a threshold matter the merits of the plaintiff's claim.'" *Id.* (quoting *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)). "Second, '[i]f the district court determines that the plaintiff's claim has arguable merit in fact and law, the court should then consider a number of additional factors that bear on the need for appointed counsel." *Id.* As explained above, the Court will be dismissing the *Filer* Complaint for lack of subject matter jurisdiction and failure to state a claim pursuant. Finding no arguable merit in either fact or law as a threshold

10

matter, the Court will deny Plaintiff's request for the appointment of counsel without prejudice at this time in *Filer*.

### C. Leave to Amend

In light of the prolific defects adumbrated above, Plaintiff shall have thirty (30) days from the entry of this Memorandum Order to explain why this Court should grant him leave to file amended complaints in these three cases. Should Plaintiff not show cause, the Court could dismiss the Complaint in each case with prejudice, depending on the deficiency. If, however, he chooses to do so, Plaintiff should file each explanation on the respective docket and, in so doing, be very mindful of several things.

First, Plaintiff must fulfill his obligation to assure this Court of its subject matter jurisdiction. *In re Nat. Football League Players Concussion Inj. Litig.*, 775 F.3d at 574. That, in most instances, comes the way of diversity or federal question jurisdiction. Of course, the establishment of subject matter jurisdiction requires discernible allegations and claims, thus its lack in *N.J. Parole Board*. And, based on the assertions in *Filer*, diversity jurisdiction appears inapplicable because Defendants share New Jersey citizenship with Plaintiff.

Second, while federal question jurisdiction pursuant to § 1983 presumptively takes root in *Filer*, § 1983 imposes liability for state action, not for a private dispute. This confusion is to be expected from a *pro se* litigant untrained in the law, but not from an individual recently instructed by this very Court in what was effectively an identical lawsuit. About a year and a half ago, Plaintiff, proceeding IFP, tried to bring § 1983 claims against the same four Individual Defendants for the discharge incident at Jefferson Hospital. *See Edwards v. Filer*, No. 24-10205, 2025 WL 278424, at *1 (D.N.J. Jan. 23, 2025). Then, as now, this Court walked through § 1983 and its state-action limitation, finding that Plaintiff did not allege "any

11

facts suggesting the existence of a state action by Defendants." *Id.* at *3. Accordingly, the Court dismissed Plaintiff's § 1983 claims without prejudice and permitted the filing of a curative amended complaint. *Id.* at *4. Plaintiff elected not to do so; instead, he has now beset the Court with the same defective allegations in a new lawsuit a year on. The Court appreciates the burdens imposed by self-representation, but will not brook the reassertion of frivolous claims at the expense of other litigants in one of the nation's busiest dockets. Similarly, Plaintiff's Privacy Act claims against Defendants in *Jefferson Health Care* appear incurable for that suit's private nature.

"The ability to proceed IFP is a privilege, not a constitutional right." *Dunlap v. N.J. Transit Police*, No. 25-16972, 2026 WL 854113, at *1 (D.N.J. Mar. 27, 2026) (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 316 (3d Cir. 2001) (en banc)). For this reason, the Court warns Plaintiff that while the IFP statute, 28 U.S.C. § 1915, authorizes him to proceed as such, this Court possesses "the discretionary authority to deny *in forma pauperis* status to persons who have abused the privilege." *See Aruanno v. Davis*, 168 F. Supp. 3d 711, 714–15 (D.N.J. 2016) (collecting cases); *see also Simpson v. Dep't of Trans.*, No. 21-01613, 2022 WL 617116, at *2 (M.D. Pa. Mar. 2, 2022) ("Even in cases where an indigent defendant is a non-prisoner, courts have found abuse of the *in forma pauperis* privilege to be grounds for revocation.") (collecting cases).

Relevant here is the Prisoner Litigation Reform Act's ("PLRA's") "three strike rule," which applies equally to non-prisoners proceeding IFP like Plaintiff. The rule "limits a [litigant's] ability to proceed [IFP] if [he] abuses the judicial system by filing frivolous

12

actions."[4] *McKelvie*, 239 F.3d at 312; 28 U.S.C. § 1915(g); *see also Aruanno*, 168 F. Supp. 3d at 715 ("[T]he adoption of a judicial limitation in Aruanno's cases mirroring the PLRA's 'three strikes' provision applicable to prisoners and including its 'imminent danger' exception is necessary to create a uniform policy denying the privilege of proceeding *in forma pauperis* to abusive litigants and to allocate this Court's resources in a way that promotes the interest of justice."); *In re McDonald*, 489 U.S. 180, 184 (1989) (per curiam) (denying IFP status to a non-prisoner based on the need to deter litigants from filing frivolous petitions).

"[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989). For the reasons above, Plaintiffs' three Complaints are either frivolous and fail to state a claim, or hue closely to it. Plaintiff should take heed of these precepts and the discussion above when crafting his explanations to file an amended complaint, if he so chooses.

---

[4] The pertinent section of the PLRA provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## IV.     CONCLUSION

For the reasons above, and for good cause shown,

**IT IS**, on this **16th** day of **June 2026**, hereby:

1.      **ORDERED** that Plaintiff's IFP applications [Docket Nos. 1-2] in *Edwards v. Filer*, No. 26-625; *Edwards v. N.J. Parole Board*, No. 26-1611; and *Edwards v. Jefferson Health Care of Multiple State*, No. 26-4607, are **GRANTED**; and it is further

2.      **ORDERED** that the Clerk of the Court shall **SEAL** the Complaints [Docket Nos. 1] in *Edwards v. Filer*, No. 26-625; *Edwards v. N.J. Parole Board*, No. 26-1611; and *Edwards v. Jefferson Health Care of Multiple State*, No. 26-4607, because attached to each Complaint are Plaintiff's personal medical records and private information; and it is further

3.      **ORDERED** that Plaintiff's Motion to Appoint *Pro Bono* Counsel [Docket No. 12] in *Edwards v. Filer*, No. 26-625, is **DENIED WITHOUT PREJUDICE**; and it is further

4.      **ORDERED** that Defendants' Motion to Dismiss [Docket No. 5] in *Edwards v. Jefferson Health Care of Multiple State*, No. 26-4607, is **DENIED AS MOOT** and **WITHOUT PREJUDICE**; and it is further

5.      **ORDERED** that the Complaints [Docket Nos. 1] in *Edwards v. Filer*, No. 26-625; *Edwards v. N.J. Parole Board*, No. 26-1611; and *Edwards v. Jefferson Health Care of Multiple State*, No. 26-4607, are **DISMISSED WITHOUT PREJUDICE**; and it is further

6.      **ORDERED** that Plaintiff shall, if he elects to do so, **SHOW CAUSE** on each respective docket within thirty (30) days of the entry of this Memorandum Order explaining why this Court should grant him leave to file an amended complaint in each of his three cases; and it is further

14

7.   **ORDERED** that if Plaintiff chooses not to show cause, then the Court could, depending on the deficiency, dismiss the respective Complaint with prejudice; and Plaintiff is further

8.   **WARNED** about his obligations proceeding IFP and that any future complaint filed in that capacity deemed by this Court to be frivolous, malicious, failing to state a claim, or seeking monetary relief against a defendant who is immune from such relief shall result in a strike pursuant to 28 U.S.C. § 1915(g); and it is finally

**ORDERED** that the Clerk of the Court shall mail Plaintiff a copy of this Memorandum Order at his mailing address of record.


**/s/ Renée Marie Bumb**
Renée Marie Bumb
Chief United States District Judge

15